**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIE ORZECHOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| BOARD OF EDUCATION OF ALSIP, ) | |
| HAZELGREEN, and OAK LAWN ) | |
| SCHOOL DISTRICT NO. 126, JAY ) | |
| HOLLINGSWORTH and GINA FISKE. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, CHRISTIE ORZECHOWSKI, by and through her attorneys, The Coffey Law Office, P.C., states as and for her Complaint against Defendants BOARD OF EDUCATION OF ALSIP, HAZELGREEN and OAK LAWN SCHOOL DISTRICT NO. 126, JAY HOLLINGSWORTH and GINA FISKE, as follows:

### Nature of Case

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendants' discriminatory and retaliatory termination of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and illegal interference with his rights and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

### Jurisdiction and Venue

2. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C.

§§ 1331, 1337 and 1343, 29 U.S.C. § 216(b), and Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' illegal acts complained of herein took place at Defendant's school located in Alsip, Illinois, Cook County, within the geographical jurisdictional boundaries of this Court.

4. On or about February 5, 2014, Plaintiff filed a timely charge of illegal sex and age discrimination against Defendant Board of Education of Alsip, Hazelgreen and Oak Lawn School District No. 126 (hereafter the "Board") in violation of Title VII and the ADEA with the local district office of the EEOC. On February 21, 2014, the EEOC issued its Notice of Right to Sue, a copy of which is attached hereto. This Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notice.

## The Parties

5. Plaintiff, CHRISTIE ORZECHOWSKI (hereafter "Christie"), was born on August 16, 1958, and resided in Palos Heights, Cook County, Illinois, at the time of the acts complained of herein.

6. The Board is a body politic and governmental entity organized and existing under the color or law of the State of Illinois. The Board is responsible for the public education of students in grades K-8, and operates several schools. The Board's powers and duties include the authority to hire and fire personnel, and to adopt, enforce, and monitor all policies it deems necessary and proper for management and governance of its schools.

7. The Board employs in excess of 50 workers, and is thus an "employer" within the meaning of Title VII, the ADEA, and the FMLA.

8. Defendant Jay Hollingsworth is and was at all times relevant to this complaint Principal at the Board's Stony Creek Elementary School in Alsip, Illinois, and on information and belief resided at all times relevant to this action within the geographical boundaries of this Court's jurisdiction.

9. Defendant Gina Fiske is and was at all times relevant to this complaint Assistant Principal at the Board's Stony Creek Elementary School in Alsip, Illinois, and on information and belief resided at all times relevant to this action within the geographical boundaries of this Court's jurisdiction.

10. At all relevant times, Defendants Hollingsworth and Fiske acted directly or indirectly in the interest of the Board with respect to Christie and the FMLA violations set forth below. Hollingsworth and Fiske therefore were employers as defined under the FMLA. See 29 U.S.C. § 2611(4)(A)(i),(ii).

## Facts Common to All Counts

11. Christie started her employment with the Board in August 2006.

12. Christie's most recent position was para-professional working at the Board's Stony Creek Elementary School.

13. Christie's job performance at all relevant times met or exceeded the Board's legitimate expectations.

14. On May 23, 2013, the Board terminated Christie's employment for pretextual reasons.

15. At the termination meeting, Defendants Hollingsworth and Fiske denied Christie's request to have a union representative present. Mr. Hollingsworth stated that Christie was old, slow and sluggish in getting her work completed, and that "in January, [he] noticed that [Christie] was going through the change of life." Among other hostile and intimidating statements, they stated to Christie that she had no right to rebut her evaluation, that her union would not be able to help her, that she should not do anything foolish, and that if she made the wrong choice, things could get worse for her.

16. The Board has not terminated the employment of and/or otherwise treated more favorably several substantially younger and/or male, similarly situated employees who allegedly engaged in as serious or more serious misconduct and/or work rule violations, and/or whose work performance was allegedly as deficient or worse.

17. On information and belief, the Board replaced Christie with a significantly younger person or persons who have since performed the duties of her former job.

### Count I: Sex Discrimination in Violation of Title VII

18. Christie restates and fully incorporates her allegations set forth in Paragraphs 1 through 17, above.

19. Title VII makes it illegal for an employer such as the Board to discriminate against an individual in the terms, conditions or privileges of employment on the basis of his or her sex.

20. The Board, by and through Defendants Hollingsworth and Fiske, and other employees, subjected Christie and her work to closer scrutiny and otherwise subjected her to different, less favorable terms and conditions of employment as

4

opposed to her male peers, and then terminated her employment because of her sex in violation of Title VII.

21. The Board treated similarly situated, male employees more favorably.

22. As a direct and proximate result of the Board's illegal sex discrimination as described above, Christie has suffered a loss of wages, including but not limited to salary, bonuses, and a loss of employment benefits, as well as humiliation, embarrassment and emotional pain and distress, and other pecuniary and non-pecuniary damages.

## Count II: Age Discrimination in of the ADEA

23. Christie restates and fully incorporates her allegations set forth in Paragraphs 1 through 17, above.

24. The ADEA makes it illegal for an employer such as the Board to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. See 29 U.S.C. § 623(a).

25. The Board, by and through its Defendants Hollingsworth and Fiske and other employees, subjected Christie and her work to closer scrutiny and otherwise subjected her to different, less favorable terms and conditions of employment as opposed to her peers, and then terminated her employment because of her age in violation of the ADEA.

26. The Board treated similarly situated, substantially younger employees more favorably.

27. As a direct and proximate result of the Board's illegal age discrimination as described above, Christie has suffered a loss of wages, including but not limited to

5

salary, bonuses, and a loss of employment benefits, as well as humiliation, embarrassment and emotional pain and distress, and other pecuniary and non-pecuniary damages.

### Count III: Retaliation and Interference in Violation of the FMLA
### v. the Board, Hollingsworth and Fiske

28. Christie restates and fully incorporates her allegations set forth in Paragraphs 1 through 17, above.

29. The FMLA permits eligible employees to take 12 workweeks of leave within a 12-month period if a serious health condition renders them unable to perform their job function. 29 U.S.C. § 2612(a)(1)(D).

30. The FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the Act]." *Id.* § 2615(a).

31. The FMLA also prohibits employers from discriminating or retaliating against an employee for exercising or attempting to exercise his or her FMLA rights. *See* 29 CFR § 825.220(c).

32. Last, the FMLA requires that employers reinstate employees returning from FMLA leave to the position they held before the leave, or to an equivalent position. See 29 U.S.C. § 2614(a)(1).

33. In March 2012 through May 2012, Christie was eligible for FMLA leave.

34. From March to Mid-May 2012, Christie took an FMLA leave from work to care for her special needs children.

35. Upon her return to work on May 15, 2012, Christie was told by another employee that the administration is upset that she returned and did not want her to return at all.

36. Also, upon her return form FMLA leave, the Board failed to return Christie to her former position, or a substantially equivalent one, and through Defendants Hollingsworth and Fiske took various punitive measures against her including, but not limited to, changing her duties daily and not allowing her to go on a field trip with the pre-school class that she was working with at the time.

37. As described above, Christie's March to May 2012 leave of absence from work was activity protected by the FMLA.

38. As described above, Defendant subjected Christie and her work to closer scrutiny and otherwise subjected her to different, less favorable terms and conditions of employment as opposed to her peers, and then terminated her employment because of her protected activities in violation of the FMLA.

39. Defendants also interfered with Christie's exercise of her FMLA rights by refusing to restore her to her former position or an equivalent one.

40. Defendants have treated similarly situated employees who have not exercised their FMLA rights more favorably.

41. As a direct and proximate result of the Defendants' illegal FMLA interference and retaliation as described above, Christie has suffered a loss of wages, including but not limited to salary, bonuses, and a loss of employment benefits, as well as humiliation, embarrassment and emotional pain and distress, and other pecuniary and non-pecuniary damages.

**Prayer for Relief Common to All Counts**

**WHEREFORE**, Plaintiff, CHRISTIE ORZECHOWSKI, respectfully requests that this Court enter judgment in her favor and against Defendants, BOARD OF EDUCATION OF ALSIP, HAZELGREEN and OAK LAWN SCHOOL DISTRICT NO. 126, JAY HOLLINGSWORTH and GINA FISKE, as follows:

    A.    Order Defendants to make Christie whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

    B.    Order the Board to pay Christie an equal amount to A., above, and for liquidated damages under the ADEA;

    C.    Order Defendants to pay Christie an equal amount to A., above, and for liquidated damages under the FMLA;

    D.    Order Defendants to immediately reinstate Christie to her former position or one comparable thereto; or, in the alternative, order Defendants to pay Christie an appropriate amount of front pay;

    E.    Order Defendants to pay Christie compensatory damages in the maximum amount allowable under the law;

    F.    Order Defendants to pay Christie's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

    G.    Try all issues of fact to a jury; and,

H.     Grant such other relief as the Court deems just.

>Respectfully submitted,
>Plaintiff, CHRISTIE ORZECHOWSKI ,
>
>
>By:   /s/ Timothy J. Coffey_____
>       Timothy J. Coffey
>       The Coffey Law Office, P.C.
>       Attorneys for CHRISTIE ORZECHOWSKI
>       351 W. Hubbard Street
>       Suite 602
>       Chicago, Illinois 60654
>       (312) 627-9700